UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICKY ORTIZ Individually,
and on Behalf of All Others Similarly Situated        Index No. 1-17:CV-04039-JMF

                Plaintiffs,

           -against-

CIOX HEALTH LLC as successor in interest of
IOD INC., IOD INC. and COLUMBIA
PRESBYTERIAN MEDICAL CENTER,

              Defendants.
-----------------------------------------------------------------X

      Plaintiff(s) VICKY ORTIZ, individually and on behalf of all others similarly situated by

and through their counsel, THE LAW OFFICES OF LOWELL J. SIDNEY, hereby files this

Class Action Complaint.  Plaintiff(s) make these allegations based upon information and belief

and these allegations are likely to have more evidentiary support after a reasonable opportunity

for further investigation and discovery against defendants Ciox Health LLC, IOD Inc. and

Columbia Presbyterian Medical Center.

## **INTRODUCTION**

      1.     Plaintiff Vicky Ortiz and qualified persons acting on her behalf were overcharged

by Defendants for copies of her hospital and/or medical records (hereinafter referred to as

"medical records") in violation of the statutory maximum charges permissible under New York

Public Health Law Section 18, which is not to exceed the actual costs incurred by Defendants

and, under no circumstance, to exceed a charge of seventy-five cents ($0.75) per page.

      2.     NYS Public Health Law Section 18(e) specifically states the following:

           "The provider may impose a reasonable charge for all
           inspections and copies, not exceeding the costs incurred by such

provider, provided, however, that a provider may not impose a charge for copying an original mammogram when the original has been furnished to any qualified person and provided, further, that any charge for furnishing an original mammogram pursuant to this section shall not exceed the documented costs associated therewith. However, the reasonable charge for paper copies shall not exceed seventy-five cents per page. A qualified person shall not be denied access to patient information solely because of inability to pay."

3.      The Defendants have engaged and continue to engage in an ongoing practice of overcharging persons such as Plaintiff for copies of their medical records in excess of the statutorily permissible amounts.

4.      The Class so represented by Plaintiff in this action, and of which the Plaintiff is a member, consists of any and all persons or entities who requested copies of medical records in New York via an authorization either personally or by his or her legal representative. *Public Health law § 18(2)(e)* provides that a "qualified person" shall have access to medical records and that the medical provider "may impose a reasonable charge for ... copies, not exceeding the costs incurred by such provider," but, "the reasonable charge for paper copies shall not exceed seventy-five cents per page." *Public Health Law § 18(1)(g)* now defines a "qualified person" as "any properly identified subject; ... or an attorney representing a qualified person ..." *McCrossan v. Buffalo Heart Group, 265 A.D.2d 875, 695 N.Y.S.2d 852 (4th Dept.1999).* There the attorneys representing Defendants in a negligence action were authorized by the Plaintiff to obtain the Plaintiff's medical records and the medical provider charged more than seventy-five cents ($0.75) per page for the copies. The Fourth Department, citing *Casillo v. St. John's Episcopal Hosp., 151 Misc.2d 420, 580 N.Y.S.2d 992 (Supreme, Suffolk 1992),* held that despite the fact that neither the medical provider nor its attorney is a "qualified person" the medical provider is

subject to the seventy-five cents ($0.75) per page maximum copy charge because the Plaintiff, a "qualified person", authorized the release of the records to a third party.

5.    At all times hereinafter mentioned, Plaintiff was a "qualified person" pursuant to New York Public Health Law Section 18.

6.    At all times hereinafter mentioned Defendants Ciox Health LLC, IOD Inc. and Columbia Presbyterian Medical Center are a hospital and/or "healthcare provider" and/or "provider" as those terms are defined in the Public Health Law Section 18.

7.    Defendants have charged more than their actual costs for copies of the medical records requested of them by Plaintiff and the members of the Class. Defendants have, individually, collectively and/or through use of agents and associations, deliberately engaged in a practice of fixing and charging standard or uniform fees for such medical records at or about one dollar and fifty cents per page ($1.50), in violation of said Statute and the public policy of the State of New York.

8.    As a result of their wrongful and unlawful conduct, Defendants have obtained substantial profits and windfalls and have unjustly enriched at the expense of Plaintiff and members of her Class, who have been charged for copies of medical records in excess of the legally permissible statutory limits and have suffered substantial damages.

9.    Defendants have engaged in a deliberate, fraudulent and concerted effort to overcharge Plaintiff and the Class members and obtain fees furnishing copies of medical records which exceed that which is legally permissible fees they can charge in the State of New York.

10.    During the period of 2011 through 2017 Defendant Ciox Health LLC has processed more than one-thousand (1,000) authorizations for medical records pursuant to Public Health Law Section 18.

11.     During the period of 2011 through 2017 Defendant IOD INC has processed more than one-thousand (1,000) authorizations for medical records pursuant to Public Health Law Section 18.

12.     During the period of 2011 through 2017 Defendant Columbia Presbyterian Medical Center has processed more than one-thousand (1,000) authorizations for medical records pursuant to Public Health Law Section 18.

13.     Defendants are being sued herein for overcharging for processing authorizations for medical records in New York and the United States of America.

**PARTIES**

14.     Plaintiff VICKY ORTIZ is an individual and is now and at all times mentioned in this complaint was a resident of the City and State of New York.

15.     Defendant IOD Inc. is located at 1030 Ontario Road, Green Bay, WI 54311.

16.     Defendant IOD Inc. had their corporation terminated in Wisconsin on May 5, 1996.

17.     Defendant IOD Group LLC was administratively dissolved in Wisconsin on March 6, 2007.

18.     IOD Datasphere Inc. had their certificate of authority revoked in Wisconsin on October 24, 2008.

19.     IOD Inc. set up a Delaware Corporation under registration number 5320662 as "IOD Inc." on April 17, 2013.

20.     IOD Inc.'s registered agent for service of process is National Corporate Research Ltd, 850 New Burton Road, Suite 201, Dover, Kent County, Delaware 19904.

21.    At all relevant times herein IOD Inc. was licensed to conduct business in the State of New York.

22.    At all relevant times herein IOD Inc. was and is engaged in the business of duplicating or copying documents, including medical records, for persons or entities in the State of New York, for a fee.

23.    At all relevant times herein, IOD Inc. was and is not a hospital or other health care provider.

24.    A successor of IOD Inc. is HealthPort Inc. which was established on August 11, 2009 under filing number 4709486.

25.    A successor of IOD Inc. is HealthPort Acquisition Subsidiary Inc. which was incorporated in Delaware on May 4, 2011 and under filing number 4977828.

26.    A successor of IOD Inc. is HealthPort Corporation which was established on June 21, 2001 under filing number 3406113.

27.    A successor of IOD Inc. is HealthPort Acquisition Subsidiary LLC which is a Delaware Corporation established on October 26, 2012 under filing number 5233398.

28.    At all relevant times herein the attorney for IOD Inc represented to the court that CIOX Health is a further successor in interest of IOD Inc. and the correct party to be sued herein.

29.    Ciox Health LLC is a Georgia Corporation registered under 0147580 on October 26, 2001.

30.    Ciox Health LLC is a Delaware Corporation registered under 3717611 which was incorporated on October 21, 2003 and has a principle place of business in Georgia

31.    At all relevant times herein Columbia Presbyterian Medical Center was and still is a hospital located in the county, City and State of New York.

32.     At all relevant times herein Columbia Presbyterian Medical Center has a Medical Correspondence Unit located at 622 West 168th Street, New York, NY 10032.

33.     At all relevant times herein, defendant Columbia Presbyterian Medical Center rendered medical treatment to plaintiff Vicky Ortiz.

34.     At all relevant times herein, defendant Columbia Presbyterian Medical Center maintained medical records regarding the treatment of plaintiff Vicky Ortiz.

35.     At all relevant times, plaintiff Vicky Ortiz authorized an attorney as her agent to process her authorizations for medical records.

36.     At all relevant times herein, defendant Ciox Health LLC was aware that they participated in the wrongful acts alleged herein.

37.     At all relevant times herein, defendant IOD Inc. were aware that they participated in the wrongful acts alleged herein.

38.     At all relevant times, defendants were aware of NYS Public Health Law Section 18(e).

39.     The attorney for IOD Inc. and Ciox Health concede that they hoped the "voluntary payment doctrine" would be a defense to overcharging unsuspecting consumers in an affirmed statement to the Honorable Court on June 22, 2017.

40.     That the voluntary payment doctrine does not apply to cases of fraud, duress or mistake of fact.

## **VENUE AND JURISDICTION**

41.     This Court has jurisdiction over the subject matter presented by this Complaint because the cause of action arose in New York and the representative Plaintiff resides in New York.

42.    Plaintiff is located in New York. Defendants are located in Wisconsin and Georgia. There is diversity of citizenship.

43.    Defendants Ciox Health LLC and IOD Inc. conduct regular, continuous, systematic and substantial business in New York.

44.    The causes of action arise under New York law, specifically, New York Public Health Law Section 18.

## CLASS ACTION ALLEGATIONS

45.    Plaintiff brings this case pursuant to CPR Article 9 on behalf of a Class (the "Class") of all Plaintiffs who attempted to process an authorization for medical records in New York between 2011 and 2017 and have been charged more than seventy-five cents ($0.75) per page for copying medical records.

46.    Plaintiff believes that there are thousands of members of the Class as described above, though the exact number and the identities of the Class members are currently unknown.

47.    There are questions of law and fact common to the Class which predominate over any questions effecting only individual members and the claims of the representative parties are typical of the claims of the Class pursuant to CPR 901 (b).

a)    Common questions of law and fact include:

i.    Whether the Defendants violated Public Health Law Section 18.

ii.    Whether the Defendants engaged in unfair or deceptive trade practices.

iii.    Whether the Defendants were unjustly enriched to the detriment of Plaintiff and members of the Class.

iv.     Whether Plaintiff and members of the Class have been damaged and, if so, in what amount.

v.     Whether Defendants should be enjoined from charging qualified persons fees in excess of the limit expressed by Public Health Law section 18.

b)     The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons with standing is unknown and the facts are presently within the sole knowledge of Defendants, there are many qualified persons who processed authorizations for medical records from defendants herein who were overcharged.

c)     Plaintiff's claims are typical of the Class because they all involve the same unconscionable overcharges and collection methods. The defenses that likely will be asserted by Defendants against Plaintiff are typical of the defenses that Defendants will assert against the Class members.

d)     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in pursuing complex and Class action litigation who will adequately and vigorously represent the interests of the Class.

e)     Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Treating this as a Class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail.

f)      No difficulties are likely to be encountered in the management of this Class action that would preclude its maintenance as a Class action and no superior alternative exists for the fair and efficient adjudication of this controversy.

g)      No individual Class member has any interest in individually controlling the prosecution of a separate individual action. In order to pursue these claims as a Class action, Plaintiff is waiving any claim on their own behalf or on behalf of the Class in this lawsuit for liquidated damages.

h)      Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

i)      Defendants have acted, or failed to act, on grounds generally applicable to the Class.

## REPRESENTATIVE ALLEGATIONS OF NAMED DEFENDANTS

48.    The representative Plaintiff VICKY ORTIZ repeats reiterates and realleges all preceding paragraphs as if more fully set forth herein.

49.    At all relevant time herein, the Defendants were and still are doing business in the State of New York, including, but not limited to, copying and furnishing copies of medical records to persons and/or entities in the State of New York.

50.    On or about October 26, 2016, Plaintiff VICKY ORTIZ by counsel The Law Office of Lowell J. Sidney, her authorized legal representative, made a written request of Defendant Columbia Presbyterian Medical Center for copies of their medical record reflecting its treatment of VICKY ORTIZ.

51.    On or about October 26, 2016 plaintiff VICKY ORTIZ by counsel The Law Office of Lowell J. Sidney, her authorized legal representative, expressly advised Defendant Columbia Presbyterian Medical Center that they could not charge in excess of seventy-five cents ($0.75) per page for copies of their medical record reflecting its treatment of VICKY ORTIZ.

52.    During this relevant time frame inclusive of October 26, 2016 and for some time prior and subsequent thereto, Defendant Columbia Presbyterian Medical Center had a contract agreement or arrangement with IOD Inc. whereby, amongst other things, Defendant IOD Inc. would copy and furnish medical records on behalf of Columbia Presbyterian Medical Center in response to written requests made to said facility by patients and qualified persons acting on their behalf, and would bill said persons for copying and forwarding the medical records.

53.    Defendant IOD Inc. was and is the agent of defendant Columbia Presbyterian Medical Center for the purpose of copying, furnishing and billing the medical records in response to requests made to said facility by its patients and qualified persons acting on their behalf, including the request of Plaintiff.

54.    Defendant Columbia Presbyterian Medical Center gave Defendant IOD, express, implied and/or apparent authority to act on its behalf with respect to the copying, furnishing and billing for medical records in response to requests made to said facility by its patients and qualified persons acting on their behalf, including the request of plaintiff VICKY ORTIZ herein.

55.    Plaintiff VICKY ORTIZ did not authorize Defendant Columbia Presbyterian Medical Center to release her medical records to Defendant IOD Inc.

56.    Defendant Columbia Presbyterian Medical Center and/or Defendant IOD Inc. charged Plaintiff in excess of seventy-five cents ($0.75) per page for her medical records.

57.    Plaintiff, through her attorneys The Law Office of Lowell J. Sidney, paid the bill which charged in excess of seventy-five cents ($0.75) per page for her medical records as time was of the essence for those medical records, which were needed in an action in active litigation in New York.

58.    Plaintiff's counsel states that Ciox Health LLC are a successor in interest of IOD Inc who are responsible for IOD Inc.'s actions herein. The leadership of CIOX Health include Paul J Roma, Chief Executive Officer; Paul Parrish, Chief Financial Officer; Ira Parker, Chief Legal Officer; Jeff Gartland, President of provider solutions at CIOX Health LLC; Vishal Agrawal, President of retrieval solutions; Evan Noulas, President of service operations; Lazane Smith, Chief Human Resource Officer; Shantanu Paul, Chief Technology Officer; Amir Keren, Chief Technology Officer of retrieval solutions and Lori Reel, Chief Accounting Officer.

59.    As a direct and proximate result of the foregoing, Plaintiff suffered damages by, amongst other things, being caused to pay fees for the medical records in excess of the legally permissible rate.

## ALLEGATIONS APPLICABLE TO DEFENDANTS

60.    The fees charged and billed for medical records are in excess of the maximum amount permissible by Public Health Law Section 18.

61.    Defendants were and are aware of the requirements and limitations set forth in Public Health Law Section 18.

62.    Defendants willfully and contumaciously overcharged in an attempt to avail of the voluntary payment doctrine in the event someone mistook the law and paid without protest.

63.    Plaintiff and members of the Class were overcharged by Defendants in connection with their requests for medical records in an attempt to unjustly enrich themselves.

64.     Defendants schemed to set up multiple corporations and/or alter egos of themselves in an attempt to shield themselves from liability for fraud and conversion.

65.     As a result of the foregoing, Defendants have obtained and continue to obtain substantial profits and windfalls and have been unjustly enriched, while Plaintiff and the members of the Class suffered and continue to suffer actual damages and remain at risk for being damaged in the future.

66.     Plaintiff seeks equitable relief and damages on behalf of herself and all members of the Class, including reimbursement for any and all damages sustained as a result of the practices described above, with interest and such other relief as the court and/or trier of fact deems just proper and equitable.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF PUBLIC HEALTH LAW**

67.     The representative Plaintiff VICKY ORTIZ and members of her Class repeat, reiterate and reallege all preceding paragraphs as if more fully set forth herein.

68.     The aforesaid conduct by Defendants, individually, collectively and through their employees, agents, servants and representatives violated and continues to violate New York Public Health Law Section 18.

69.     As a direct and proximate result of the foregoing, Plaintiff and the members of her Class have been and continue to be injured financially and damaged by, amongst other thing, being caused to pay for medical records in excess of the fees permitted by law and are entitled to a refund of all excess monies paid together with interest accruing from the time of the payment and other damages permitted by law.

## SECOND CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING

70.     The representative Plaintiff VICKY ORTIZ and members of her Class repeat, reiterate and reallege all preceding paragraphs as if fully set forth herein.

71.     At all times Defendants and her assignees and representatives were under a duty to act in good faith and otherwise fairly deal with the representative Plaintiff and members of their Class.

72.     Defendants have breached their duty of good faith and fair dealing, by reason of their engaging in the deceptive business practices alleged in this Complaint, which have deprived Plaintiffs of money.

73.     The foregoing circumstances have resulted in the unconscionable situation wherein the Plaintiffs were charged more than the statutory maximum charge for the reasonable cost of copying medical records pursuant to an authorization for their release.

74.     The foregoing circumstances have resulted in Plaintiffs being overcharged for their own medical records.

75.     Defendants have materially benefitted from the deceptive business practices to the economic detriment and severe and irreparable pecuniary loss sustained by the representative Plaintiff and members of her Class.

## THIRD CAUSE OF ACTION

### FRAUD

76.     The representative Plaintiff VICKY ORTIZ and members of her Class repeat, reiterate and reallege all preceding paragraphs as if more fully set forth herein.

77.     On or about October 26, 2016, Plaintiff VICKY ORTIZ by counsel The Law Office of Lowell J. Sidney, her authorized legal representative, made a written request of Defendant Columbia Presbyterian Medical Center for copies of their medical record reflecting its treatment of VICKY ORTIZ.

78.     On or about October 26, 2016 plaintiff VICKY ORTIZ by counsel The Law Office of Lowell J. Sidney, her authorized legal representative, expressly advised Defendant Columbia Presbyterian Medical Center that they could not charge in excess of seventy-five cents ($0.75) per page for copies of their medical record reflecting its treatment of VICKY ORTIZ.

79.     During this relevant time frame inclusive of October 26, 2016 and for some time prior and subsequent thereto, Defendant Columbia Presbyterian Medical Center had a contract agreement or arrangement with IOD Inc. whereby, amongst other things, Defendant IOD Inc. would copy and furnish medical records on behalf of Columbia Presbyterian Medical Center in response to written requests made to said facility by patients and qualified persons acting on their behalf, and would bill said persons for copying and forwarding the medical records.

80.     Defendant IOD Inc. was and is the agent of defendant Columbia Presbyterian Medical Center for the purpose of copying, furnishing and billing the medical records in response to requests made to said facility by its patients and qualified persons acting on their behalf, including the request of Plaintiff.

81.     Defendant Columbia Presbyterian Medical Center gave Defendant IOD, express, implied and/or apparent authority to act on its behalf with respect to the copying, furnishing and billing for medical records in response to requests made to said facility by its patients and qualified persons acting on their behalf, including the request of plaintiff VICKY ORTIZ herein.

- 14 -

82.     Plaintiff VICKY ORTIZ did not authorize Defendant Columbia Presbyterian Medical Center to release her medical records to Defendant IOD Inc.

83.     Defendant Columbia Presbyterian Medical Center breached their duties of confidentiality to Plaintiff.

84.     Defendants IOD Inc., Ciox LLC and their various alter egos including IOD Inc.-Wisconsin; IOD Datasphere Inc.; IOD Inc.- Delaware; HealthPort Inc.; HealthPort Acquisition Subsidiary Inc.; HealthPort Corporation; HealthPort Acquisition Subsidiary LLC;  Ciox Health LLC- Georgia; Ciox Health LLC- Delaware; Paul J Roma; Paul Parrish; Ira Parker; Jeff Gartland; Vishal Agrawal; Evan Noulas; Lazane Smith; Shantanu Paul; Amir Keren and Lori Reel along with Columbia Presbyterian Medical Center herein conspired to defraud consumers by charging in excess of the statutory limits in the hopes of using the voluntary payment doctrine as a sword to protect the fruits of their contumacious conduct.

85.     Plaintiffs were damaged as a result of Defendant's fraud.

86.     That Defendants fraudulent bills which materially misrepresented what was owed by Plaintiff and members of her class was made to induce Plaintiff into payment of more money than she was required to pay by law.

87.     That on or about October 26, 2016, Plaintiff did rely on the fraudulently induced charges and paid the inflated bill.

88.     That the elements of fraud under New York choice of law are: (1) a false representation was made as a statement of fact; (2) the statement was untrue  and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon and (4) the other party relied on the statement to her detriment.

89.    Plaintiff and members of her class were damaged as a result of Defendant's fraud.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

90.    The representative Plaintiff VICKY ORTIZ and members of her Class repeat, reiterate and reallege all preceding paragraphs as if more fully set forth herein.

91.    Due to Defendants inequitable actions, Plaintiffs have been damaged in an amount in excess of the jurisdictional limits of the lower courts.

92.    The elements of unjust enrichment under New York choice of law is that there is no remedy available pursuant to contract and (1) the other party was enriched, (2) at that party's expense and (3) that it against equity and good conscience to permit the other party to retain what is sought to be recovered. The damages should equal the gain received by defendant and their alter egos.

93.    Wherefore Plaintiffs respectfully request that the court enter a judgment declaring that Plaintiffs are entitled to damages and to recover reasonable attorney fees and costs associated with this action and for such other further and different relief as to this court seems just proper and equitable.

## FIFTH CAUSE OF ACTION

### ENJOINMENT

94.    The representative Plaintiff VICKY ORTIZ and members of her Class repeat reiterate and reallege all preceding paragraphs as if fully set forth herein.

95.    Defendants are engaging in and continue to engage in conduct as set forth in the complaint. Unless enjoined and restrained they will continue to charge fees for medical records in excess of the amount authorized by statute and plaintiff and members of the Class will continue to be defrauded, deceived and damaged.

96.    Plaintiff and members of the Class have no adequate remedy at law to stop defendant's conduct rendering equitable relief appropriate in that damages cannot adequately compensate Plaintiff and the Class for the injuries threatened and suffered.

97.    Based on the foregoing, Plaintiff and members of the Class are entitled to a judgment declaring that Defendants have unlawfully charged amounts for providing medical records in excess of what is authorized by law and enjoining and restraining them from doing so.


**WHEREFORE** the representative Plaintiff and members of her Class demand judgment against the Defendants, as follows:

a)  Awarding Damages for Violation of Public Health Law section 18.

b)  Awarding Damages for Breach of the Covenant of Good Faith and Fair Dealing;

c)  Awarding Damages for Fraud;

d)  Awarding Damages in Unjust Enrichment;

e)  Enjoining Defendants from violating Public Health Law section 18 going forward.

f)  Awarding pre-judgment and post-judgment interest on any amounts awarded;

g)  For such other further and different relief as to this court seems just proper and equitable.


Dated:  New York, New York
        July 6, 2017


                              **The Law Office of Lowell J. Sidney**


                              By:  **LOWELL J. SIDNEY, ESQ.**
                                   *Attorney(s) for Plaintiff*
                                   244 5th Avenue – Suite #Q278
                                   New York, New York 10001
                                   (888) 222-0513


| To: | IOD Inc. and Ciox Health LLC<br>HODGSON RUSS LLP<br>Kathryn Tiskus<br>1540 Broadway, 24th Floor<br>New York, NY 10036<br>Tel:  646-218-7604<br>Fax: 646-218-7681<br>Email: ktiskus@hodgsonruss.com | Columbia Presbyterian Medical Center<br>Epstein, Becker & Green, P.C.<br>John Houston Pope<br>250 Park Avenue<br>New York, NY 10177<br>(212) 351 4500<br>Fax: (212) 878-8741<br>Email: jhpope@ebglaw.com |
| --- | --- | --- |