```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                      :
VICKY ORTIZ, individually and on      :
behalf of all others similarly        :      17cv4039(DLC)
situated,                             :
                                      :      OPINION & ORDER
                    Plaintiffs,:
                                      :
          -v-                         :
                                      :
CIOX HEALTH LLC, as successor in      :
interest of IOD INC., and THE NEW     :
YORK AND PRESBYTERIAN HOSPITAL,       :
                                      :
                    Defendants.:
                                      :
-------------------------------------X
```

APPEARANCES

For the Plaintiff:
Lowell J. Sidney
244 5th Avenue, Suite Q278
New York, NY 10001

For Defendant CIOX Health LLC:
Kathryn A. Tiskus
Hodgson Russ LLP
604 Third Avenue, 23rd Floor
New York, NY 10158

Jodyann Galvin
Aaron M. Saykin
Hodgson Russ LLP
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040

For Defendant The New York and Presbyterian Hospital:
John Houston Pope
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177

DENISE COTE, District Judge:

Plaintiff Vicky Ortiz brings this action against CIOX Health LLC ("CIOX") as successor in interest to IOD Inc. ("IOD"), and against the New York and Presbyterian Hospital ("NYPH"), named in the complaint as Columbia Presbyterian Medical Center ("CPMC").[1] Ortiz alleges that defendants violated a provision of New York Public Health Law § 18, which limits charges for copies of medical records to $0.75 per page, when they charged $1.50 per page for copies of Ortiz's medical records. Ortiz seeks money damages and injunctive relief, for herself and on behalf of a proposed statewide class. Defendants have moved to dismiss the First Amended Complaint ("FAC"). CIOX has also moved to strike several allegations in the FAC. For the following reasons, the motions to dismiss are granted as to Counts 2, 3, 4, and 5 of the FAC and denied as to Count 1 of the FAC. CIOX's motion to strike is denied as moot.

## Background

The following facts are drawn from the FAC. In October

---

[1] In its motion to dismiss, NYPH explains that CPMC is a division of NYPH. NYPH does not challenge its inclusion in this lawsuit as a defendant. As a result, the Court construes NYPH's explanation that it is the proper party as a motion to replace CPMC with NYPH as a defendant. Pursuant to the Court's power under Rule 21, Fed. R. Civ. P., to "add or drop a party" on "just terms" and "at any time," NYPH is added and CPMC dropped as a defendant in this case.

2

2016, Ortiz, through her counsel Lowell J. Sidney, made a written request to NYPH for medical records. Sidney informed NYPH that under New York Public Health Law § 18(2)(e), it could not charge more than $0.75 per page for copies of medical records. At that time, NYPH contracted with IOD, a predecessor in interest to CIOX, to provide copies of NYPH medical records and to bill NYPH's patients for those copies. Ortiz and Sidney were charged $1.50 per page for Ortiz's medical records. Ortiz, through Sidney, paid the bill even though it was in excess of the $0.75-per-page statutory maximum.

From 2011 through 2017, CIOX and NYPH have processed over 1,000 authorizations for medical records pursuant to Public Health Law § 18. The defendants continue to charge individuals similarly situated to Ortiz more than $0.75 per page for copies of their medical records.

Ortiz filed her original complaint in New York state court on February 24, 2017. CIOX was served May 1 and on May 30 removed the action to federal court, asserting federal jurisdiction under the Class Action Fairness Act. On June 22, both defendants filed motions to dismiss the original complaint. In response, Ortiz filed the FAC on July 14. On August 3, CIOX filed a motion to dismiss and also moved to strike allegations in the FAC that name CIOX employees. NYPH filed a motion to dismiss on August 4. These motions became fully submitted on

August 25. On November 7, 2017, the matter was reassigned to this Court.

**Discussion**

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face to survive a motion to dismiss." Nielsen v. AECOM Tech. Corp., 762 F.3d 214, 218 (2d Cir. 2014) (citation omitted). "[W]hile a court must accept all of the allegations contained in a complaint as true, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Balintulo v. Ford Motor Co., 796 F.3d 160, 165 (2d Cir. 2015) (citation omitted).

I. Jurisdiction over Ortiz's Individual Claims

NYPH argues that Ortiz lacks standing to pursue her claims because the FAC fails to allege that she, rather than Sidney, was injured. CIOX moves additionally to dismiss the claim for injunctive relief for lack of standing.

To establish Article III standing, Ortiz must demonstrate "(1) injury-in-fact, which is a concrete and particularized harm to a legally protected interest; (2) causation in the form of a fairly traceable connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3)

4

redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." Allco Fin. Ltd. v. Klee, 861 F.3d 82, 95 (2d Cir. 2017) (citation omitted) (emphasis in original). "[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016).

When moving to dismiss for lack of jurisdiction, a defendant may either challenge the pleading as facially deficient, "based solely on the allegations of the complaint," or may "make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." Carter v. HealthPort Tech., LLC, 822 F.3d 47, 56-57 (2d Cir. 2016). On a facial challenge to jurisdiction, a plaintiff has "no evidentiary burden" and a court must "presume that general allegations embrace those specific facts that are necessary to support the claim." Id. at 56 (citation omitted) (emphasis omitted). To oppose a fact-based Rule 12(b)(1) motion, a plaintiff may either "come forward with evidence of their own to controvert that presented by the

5

defendant" or "rely on the allegations in the Pleading." Id. at 57.

In Carter, the Court of Appeals held that allegations that plaintiffs paid a charge "through" their counsel are "detailed factual allegations that the plaintiffs were the principals, who acted through their agents in requesting and paying for the records." Id. at 58. Such allegations sufficiently demonstrated injury in fact at the motion to dismiss stage. Id. at 59.

NYPH facially challenges the complaint on the ground that the FAC alleges that Ortiz's attorney, Sidney, paid for the copies of medical records, rather than Ortiz herself. The FAC alleges that "Plaintiff, through her attorneys The Law Office of Lowell J. Sidney, paid the bill which charged in excess of seventy-five cents ($0.75) per page for her medical records." The FAC further alleges that "[a]s a direct and proximate result of the foregoing, Plaintiff suffered damages by, amongst other things, being caused to pay fees for the medical records in excess of the legally permissible rate." These allegations of an agency relationship and damages are sufficient to establish standing for a damages claim at the pleading stage.

The FAC also alleges a likelihood of future injury sufficient to confer standing to pursue individual injunctive relief. The plaintiff has medical records at NYPH and the FAC

6

alleges that "Defendants have engaged and continue to engage in an ongoing practice of overcharging persons such as Plaintiff for copies of their medical records." It is plausible that Ortiz will need to obtain her NYPH medical records in the future, and she accordingly has standing to pursue individual injunctive relief.

II. Jurisdiction over Claims for Class Relief

After Ortiz filed this action,[2] CIOX unilaterally refunded the overcharge Ortiz alleges she paid by refunding the amount to her attorney's credit card. Based on this refund, NYPH moves to dismiss the FAC on the grounds that there is no longer a live controversy between the parties.

Ortiz brings a claim for injunctive relief as well as a claim for damages, so the satisfaction of her damages claim would not moot Ortiz's claim. Moreover, since Ortiz has brought this action as a putative class action, the issue of mootness would not be straightforward even if she were only pursuing a damages claim. "[U]nder the appropriate circumstances, class certification may relate back to the filing of the complaint," even if a named plaintiff's claims for damages have been resolved. Comer v. Cisneros, 37 F.3d 775, 799 (2d Cir. 1994). Relation back most frequently applies "where the claims are so

---

[2] The FAC asserts that "filing fees" were expended on Ortiz's behalf prior to the refund.

inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Salazar v. King, 822 F.3d 61, 74 (2d Cir. 2016) (citation omitted).

In Radha Geismann, M.D., P.C. v. ZocDoc, Inc., 850 F.3d 507, 514-15 (2d Cir. 2017), the Second Circuit recently discussed a "hypothetical" scenario where a defendant deposits the full amount of a plaintiff's individual claim into the plaintiff's bank account and a court enters judgment on that amount. It observed as follows: "We note, without deciding because the situation is not before us, that an attempt by the defendant to use the tactic described in the . . . hypothetical . . . might not work." Id. at 515 n.8. As the Circuit described,

> [t]he Supreme Court has also acknowledged that requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained obviously would frustrate the objectives of class actions, and would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

Id. (citation omitted). In a situation such as this, it is the plaintiff's choice, "not the defendant's or the court's, whether the satisfaction of her individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit

8

to an end." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 86 (2013) (Kagan, J., dissenting).

These reservations apply with full force here. Individual plaintiffs bringing claims under Public Health Law § 18 are unlikely to be entitled to more than a few hundred dollars in damages, making such claims easy targets to be "picked off" individually. Accordingly, NYPH's motion to dismiss on mootness grounds is denied.

III. Public Health Law § 18

Ortiz claims in Count 1 that defendants violated § 18 of the New York Public Health Law when they charged her $1.50 per page for copies of her medical records. Defendants move to dismiss this claim because, they assert, Ortiz voluntarily paid these charges. Ortiz counters that she paid the charges under protest.

New York Public Health Law § 18 provides, inter alia, that a health care provider "may impose a reasonable charge for all inspections and copies" of medical records, "not exceeding the costs incurred by such provider," and "not exceed[ing] seventy-five cents per page." N.Y. Pub. Health L. § 18(2)(e). Under the voluntary payment doctrine, a plaintiff may not sue for an overcharge if they voluntarily paid the overcharge and "do[] not allege that payment was made as a result of fraud, mistake of fact or law, or with protest." Morales v. Copy Right, Inc., 28

9

A.D.3d 440, 441 (2d Dep't 2006); see also DRMAK Realty LLC v. Progressive Credit Union, 133 A.D.3d 401, 405 (1st Dep't 2015).

The FAC alleges that Ortiz, through Sidney, informed NYPH that it could not charge more than $0.75 per page before paying the greater amount. This is plausibly construed as a "protest" such that New York courts would not apply the voluntary payment doctrine as a bar to recovery. See DRMAK Realty, 133 A.D.3d at 405. As a result, the motion to dismiss Count 1 on this ground is denied.

IV. Covenant of Good Faith and Fair Dealing

Ortiz claims that defendants violated their duty of good faith and fair dealing to her when they charged her $1.50 per page for copies of her medical records. Defendants move to dismiss this claim on the ground that Ortiz has not alleged that they prevented or interfered with Ortiz's performance of a contract, as required to state a claim of breach of the duty of good faith and fair dealing under New York law.

"New York law implies [the] covenant [of good faith and fair dealing] in all contracts." Sec. Plans, Inc. v. CUNA Mut. Ins. Soc., 769 F.3d 807, 817 (2d Cir. 2014). "The implied covenant of good faith and fair dealing between parties to a contract embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right

10

of the other party to receive the fruits of the contract."
Moran v. Erk, 11 N.Y.3d 452, 456 (2008) (citation omitted).

The FAC fails to state a claim for breach of the implied covenant of good faith and fair dealing. Through this claim, the FAC does not assert that the defendants deprived Ortiz of the benefit of her contract with NYPH, that is her agreement to pay NYPH in order to obtain copies of her medical records. Instead, the FAC asserts that the contract itself violated public policy as embodied in § 18 of the Public Health Law. That theory is duplicative of Count 1 and does not state a claim of breach of the duty of good faith and fair dealing. As such, Count 2 is dismissed.

V. Fraud

Ortiz claims that defendants defrauded her when NYPH sent her records to IOD, and when IOD sent her a bill that listed charges in excess of the statutory maximum of $0.75 per page. Defendants move to dismiss Ortiz's fraud claim because she has not alleged fraud with particularity, plausibly alleged fraudulent intent on the part of defendants, or stated a claim of reasonable reliance.

Under New York law, a fraud claim must allege five elements:

> (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce

reliance, (4) justifiable reliance by the plaintiff, and (5) damages.

Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 170 (2d Cir. 2015). Where a complaint alleges fraud, Rule 9(b), Fed. R. Civ. P., requires that the plaintiff "state with particularity the circumstances constituting fraud." To satisfy this rule, a plaintiff must identify the allegedly fraudulent statements, the speaker, state where and when the statements were made, and specify why the statements are fraudulent. See id. at 171. Rule 9(b) also states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," but plaintiffs "must nonetheless allege facts that give rise to a strong inference of fraudulent intent." Id. (citation omitted).

The FAC fails to state a claim of fraud. The FAC alleges that the defendants issued Ortiz "fraudulent bills which materially misrepresented what was owed by Plaintiff and members of her class" in order "to induce Plaintiff into payment of more money than she was required to pay by law," and that "Plaintiff did rely on the fraudulently induced [sic] charges and paid the inflated bill." Among other things, this conclusory statement fails to plead reasonable reliance on a false statement of the defendants. As the FAC explains, the request made by Ortiz's attorney instructed the hospital that it was not legally

12

permitted to charge more than $0.75 per page.  Count 3 is accordingly dismissed.

VI. Unjust Enrichment

Ortiz claims that defendants were unjustly enriched when they charged her more than $0.75 per page for copies of her medical records.  Defendants move to dismiss Ortiz's claim on the grounds that she has not sufficiently alleged inequitable conduct on their part and that she alleges the existence of a contract, which precludes a claim of unjust enrichment.

"Under New York law, an unjust enrichment claim requires a plaintiff to prove that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover."  Ashland Inc. v. Morgan Stanley & Co., 652 F.3d 333, 339 (2d Cir. 2011) (citation omitted).  "A party may not recover in unjust enrichment where the parties have entered into a contract that governs the subject matter."  Wilson v. Dantas, 29 N.Y.3d 1051, 1063 (2017) (citation omitted).

The FAC is premised on the existence of an agreement between Ortiz and defendants to pay $1.50 per page for copies of medical records.  The existence of a contract precludes a claim of unjust enrichment under New York law.  For these reasons, Count 4 is dismissed.

VII. CIOX's Motion to Strike

CIOX moves to strike several allegations in the FAC that name CIOX employees and allege that those employees were involved in a conspiracy to defraud Ortiz and other similarly situated individuals.[3]  Rule 12(f), Fed. R. Civ. P., permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The function of a 12(f) motion to strike has been seen as avoiding the expenditure of time and money that must arise from litigating spurious issues [b]y dispensing with those issues prior to trial."  VNB Realty, Inc. v. Bank of Am. Corp., No. 11 Civ. 6805(DLC), 2013 WL 5179197, at *2 (S.D.N.Y. Sept. 16, 2013) (citation omitted).  Thus, there is "general judicial agreement . . . that [12(f) motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  Id., 2013 WL 5179197, at *3 (citation omitted).

The inclusion of the names of CIOX's managers is gratuitous.  The FAC does not allege any specific conduct to

---

[3] To the extent CIOX also moves to dismiss the allegations in paragraphs 58 and 84 of the FAC for failure to state a claim of liability on an alter ego theory, the motion is denied because the FAC does not assert such a claim.

14

connect the named individuals to Ortiz's fraud claim. Since, however, Ortiz's fraud claim is now dismissed, the motion to strike is denied as moot.

VIII. Statute of Limitations

New York law applies a three-year statute of limitations to actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y. C.P.L.R. § 214(2). New York courts have interpreted this provision to apply "where liability would not exist but for a statute," but not to "liabilities existing at common law which have been recognized or implemented by statute." Gaidon v. Guardian Life Ins. Co. of Am., 96 N.Y.2d 201, 208 (2001) (citation omitted). "In general, a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief." Id. at 210.

C.P.L.R. § 214(2) applies to Ortiz's Public Health Law § 18 claim. There is no common law antecedent for a maximum reproduction charge for copies of medical records. Accord Spiro v. Healthport Tech., LLC, 73 F. Supp. 3d 259, 276 (S.D.N.Y. 2014) (identifying New York Public Health Law § 18 as imposing a liability subject to C.P.L.R. § 214(2)).

Ortiz's claim accrued when she was charged more than $0.75 per page for copies of her medical records, sometime after

15

October 26, 2016.  Ortiz's original complaint was filed in state court on February 24, 2017.  Therefore, her § 18 claim is timely.  The FAC, however, seeks class relief going back to 2011, in part based on Ortiz's claim for equitable relief on her unjust enrichment claim.  But, as discussed above, the FAC fails to state a claim of unjust enrichment.  As a result, Ortiz may only obtain relief for overcharges after February 24, 2014, three years before her original complaint was filed.

## Conclusion

The August 3 and 4, 2017 motions to dismiss are granted as to Counts 2, 3, 4, and 5 of the FAC.  The motions to dismiss are denied as to Count 1 of the FAC.  CIOX's motion to strike is denied as moot in light of the dismissal of Count 3 of the FAC.  The Clerk of Court is directed to replace Columbia Presbyterian Medical Center as a defendant in this matter with the New York and Presbyterian Hospital.

Dated:     New York, New York
           February 22, 2018

                              _____
                                    DENISE COTE
                              United States District Judge

16